(No. 4482- ■■■■■■

Harold T. Seigle and Jerome Roth, doing business as Elgin Lumber and Supply Company, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed February 8, 1952.*

Ben Rifken, Attorney for Claimants.

Ivan A. Elliott, Attorney General; Charles H. Evans, Assistant Attorney General, for Respondent.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Lansden, J.

Claimants, Harold T. Seigle and Jerome Roth, are partners, and in 1946 and 1947 they conducted a lumber and building materials business in Elgin, Illinois, under the name of Elgin Lumber & Supply Co.

On October 9, 1946, respondent, acting through the Division of Purchases and Supplies of the Department of Finance, purchased certain lumber for use at the Dixon State Hospital, Dixon, Illinois. The lumber was delivered to the hospital on August 27, 1947.

Apparently claimants neglected to request payment of this account in the amount of $915.00 until February, 1951, and such account has never been paid by respondent.

A motion to dismiss has been filed by respondent on the ground that this Court is without jurisdiction to hear and determine the case, because the complaint herein, which was filed on November 30, 1951, was filed more than two years after claimants' claim first accrued.

The applicable portions of Section 22 of the Court of Claims Act, Ill. Rev. Stat., 1951, Chap. 37, Sec. 439.22, read as follows:

"Every claim cognizable by the court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the clerk of the court within two years after it first accrues, . . . . ."

The complaint shows on its face that more than four years elapsed between the date claimants' claim first accrued, and the date their complaint was filed. This Court is, therefore, without jurisdiction to hear and determine the case, since it has become forever barred by lapse of time. *Ross* vs. *State*, 16 C.C.R. 116.

The motion of respondent to dismiss is allowed, and the complaint is dismissed.